LEÓN, PLAINTIFF AND APPELLEE, *v.* ALVARADO, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Ponce in an Action of
Unlawful Detainer.

No. 1568.—Decided January 16, 1917.

UNLAWFUL DETAINER—EVIDENCE—POSSESSION.—In this case the defendant-appel-
lant assigned as error, but without argument, that the trial court had not
weighed the evidence correctly; and it was held that there was no such error
inasmuch as it was clearly proved, and not contradicted, that the property
had been acquired by the plaintiff-appellee under an execution in an action
between the same parties, and that the defendant was still in possession
thereof without paying any rent therefor.

ID.—NULLITY OF TITLE.—The fact that the defendant in an action of unlawful
detainer pleaded the nullity of the action in which the plaintiff acquired the

property sued for in the action of unlawful detainer, is no ground for holding that the plaintiff has not a sufficient title to support a judgment in his favor; for until the said action and sale are annulled his title is good and he continues as the owner with the right to compel the defendant to vacate the property.

Id.—Id.—Summary Proceeding.—The question of whether the plaintiff's title is void and prevents his exercising the rights originating therefrom cannot be decided in a special summary proceeding, like that of unlawful detainer, in which only the right of the apparent owner and possessor to dispossess the tenant in possession is involved.

The facts are stated in the opinion.

*Mr, Carlos Brunet del Valle* for the appellant.

The appellee appeared *pro se.*

Mr. Justice Aldrey delivered the opinion of the court.

In execution of the judgment rendered in an action brought by Sergio León Lugo against Jaime Alvarado the marshal of the Municipal Court of Juana Díaz sold and conveyed to the former a house belonging to the latter. Later an action of unlawful detainer was brought and judgment was rendered for the plaintiff, from which Alvarado took this appeal, assigning as errors, although without argument, that the lower court weighed the evidence improperly and held that the new matter of defense set up by him was insufficient to defeat a judgment for the plaintiff.

We are constrained to hold that the first error assigned does not exist, for all the evidence shows clearly and without contradiction that the said house was sold and conveyed to the appellee under execution in the said action and that the appellant is still occupying it without paying rent or any other consideration therefor.

As to the second error, the fact that the appellant has moved to set aside the judgment in the action in which the sale and conveyance of the house was made, is no ground for holding that León Lugo's title is not sufficient to support a judgment in his favor in an action of unlawful detainer, for until the judgment and sale are set aside the plaintiff's title is good and he will continue to be the owner and as such may compel the appellant to vacate the house in question.

To hold that attacking the validity of a title prevents the exercise of the rights arising therefrom would be tantamount to deciding in an action of unlawful detainer that said title contains the defects on which its alleged nullity is based, and this is a question that cannot be considered or decided in a summary and special proceeding, like that of unlawful detainer, in which only the right of the apparent owner and possessor to evict the person in actual possession is considered.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.